Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus, PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
Ph. 206-687-7805
Attorney for Defendant Victor Hershberger

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Malibu Media, LLC**,<br>Plaintiff,<br>v.<br>**VICTOR HERSHBERGER**<br>Defendant. | Case No.: 2:16-cv-330-JAM-KJN<br>**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

# ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Victor Hershberger ("Defendant"), now answers Plaintiff's Amended Complaint against him alleging copyright infringement, and denies all such allegations of alleged copyright infringement. He further admits or denies the specific allegations of the Amended Complaint and states affirmative defenses, as follows:

## Jurisdiction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

2. Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed at least one large zip file containing multiple separate movies owned by Plaintiff. This zip file is known as a "siterip" and it contains a significant percentage of movies available on Plaintiff's website.

**ANSWER**: Defendant denies the allegations that he engaged in any copyright infringement. Defendant lacks information sufficient to form a belief as to the remaining facts alleged in this paragraph, and on that basis denies them.

3. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

**ANSWER**: Defendant denies these allegations.

4. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition)

**ANSWER**: Defendant admits the allegations of subject matter jurisdiction.

6. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

**ANSWER**: Defendant denies the allegations contained in this paragraph, except Defendant admits he resides in the state of California.

7. Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because:

(i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases because Defendant or Defendant's agent resides or may be found in this District.

**ANSWER**: Defendant denies the allegations contained in this paragraph, except Defendant admits he resides in the state of California.

<u>Parties</u>

9. Plaintiff, Malibu Media, LLC (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212..

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

10. Defendant, Victor Hershberger, is an individual residing at 7056 Amberwick Way, Citrus Heights, CA 95621.

**ANSWER**: Defendant admits he resides at the address listed above.

<u>Factual Background</u>

### I. *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

11. The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

12. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

13. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

14. After the infringer receives all of the bits of a digital media file, the

infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

15. Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

16. The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

17. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

18. Plaintiff's investigator, Excipio GmbH ("Excipio"), established a direct

TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

19. Excipio downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

**ANSWER:** Defendant denies these allegations.

20. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A and B.

**ANSWER**: Defendant denies these allegations.

21. Each digital media file as identified by the file hash listed on Exhibit A correlates to a digital media file containing a copyrighted film or several copyrighted films owned by Plaintiff as set forth on Exhibit B.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

22. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

23. The siterip(s) files downloaded, copied and distributed by Defendant are enumerated in Exhibit C. Each siterip is a digital media file containing a zip folder with several of Malibu Media's audiovisual works, each of which is identical (or alternatively, strikingly similar or substantially) to Plaintiff's corresponding original copyrighted work listed on Exchibit B.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

24. Further, each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

25. Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

26. Excipio connected, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The

most recent TCP/IP connection between Excipio and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

27. Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

**ANSWER**: Defendant denies these allegations.

28. The ISP, Comcast Cable, identified Defendant's wife as the Internet subscriber assigned IP address 71.193.37.58 on December 8, 2015- one day on which the infringement occurred.

**ANSWER**: Defendant admits the ISP identified the Defendant's wife as the Internet subscriber assigned IP address 71.193.37.58 for one day only- December 8, 2015. Defendant denies any remaining allegations.

29. However, after a reasonable opportunity for further investigation or discovery, Plaintiff will likely have evidentiary support that Defendant is the infringer and not Defendant's wife.

**ANSWER**: Defendant denies committing any copyright infringement.

30. At the time this case was originally filed, Plaintiff knew only that the infringer was using the Internet subscriber's IP address. Usually, the subscriber is the

infringer. But as is the case here, sometimes, the infringer is another person who the subscriber has authorized to use the subscriber's Internet.

**ANSWER**: Defendant denies committing any copyright infringement.

31. After receiving the subscriber's name, Plaintiff conducted pre-suit investigation.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

32. Here, Defendant resides at the Internet service address.

**ANSWER**: Defendant admits he resides at the Internet service address.

33. Defendant had access to and regularly used the Internet at the subject IP address, which infringed Plaintiff's works.

**ANSWER:** Defendant admits he had access to the Internet at his residence and denies committing any copyright infringement.

34. Excipio recorded a substantial amount of BitTorrent use emanating from the subject IP address.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

35. The subject of the works that Excipio recorded being distributed from the subject IP address correlate to Defendant's interests and hobbies.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them.

36. Consequently, after a reasonable opportunity for further investigation or discovery, Plaintiff will likely have evidentiary support that Defendant was using BitTorrent regularly, and that he also used it to infringe Plaintiff's works.

**ANSWER**: Defendant denies these allegations.

<u>Miscellaneous</u>

37. All conditions precedent to bringing this action have occurred or been waived.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them

38. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them

COUNT I

**<u>Direct Infringement Against Defendant</u>**

39. The allegations contained in paragraphs 1-38 are hereby re-alleged as if fully set forth herein.

**ANSWER:** Defendant adopts and restates his answers to paragraphs 1-38 as if fully set forth herein.

40. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged in this paragraph, and on that basis denies them

41. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER**: Defendant denies these allegations.

42. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER**: Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis denies them.

43. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and

501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER**: Defendant denies these allegations.

44. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER**: Defendant denies these allegations.

**WHEREFORE,** Defendant respectfully requests that the Court:

(A) Deny Plaintiff's request for relief;

(B) Award Defendant reasonable attorneys' fees as a prevailing party under 17 U.S.C. §505;

(C) Award Defendant any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## FIRST AFFIRMATIVE DEFENSE
## SET-OFF OF SETTLEMENTS RECEIVED

1. On information and belief, Plaintiff has received thousands of dollars in settlements from Doe Defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which Plaintiff alleges Defendant participated.
2. Defendant is entitled to a set-off of all monies collected by Plaintiff for the same Works and alleged BitTorrent swarm(s) Plaintiff has alleged Defendant was a participant in which Plaintiff has settled, or will settle in the future with other individuals.

Wherefore, Defendant respectfully requests that the Court enter an order of set-off against any judgment entered against Defendant by the total amount of money received by Plaintiff for the same respective Works and BitTorrent swarm(s) in which Plaintiff alleges Defendant of participated.

**SECOND AFFIRMATIVE DEFENSE**

**LACHES**

1. The action is barred by the doctrine of laches, as Plaintiff made no attempt to enjoin the file-sharing practices of which they complain. Plaintiff's inaction or ineffectiveness in preventing the practices of the users of BitTorrent websites, allowing BitTorrent program's continued viability, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal practice.

2. Plaintiff alleges that the file-sharing activity of Plaintiff's copyrighted material in Defendant's household began on September 17, 2014, and continued until December 8, 2015. Plaintiff did not file its Complaint until February 18, 2016.
3. Instead of acting in the fall of 2014 to stop the downloads, Plaintiff decided to passively watch the IP address Plaintiff alleges belonged to Defendant until the IP address downloaded a number of Plaintiff's other works in order to seek higher statutory damages.
4. Had Plaintiff acted sooner, Plaintiff could have curbed the infringing activity in 2014 and could have deterred infringements. Plaintiff's delay in pursuing this suit led to additional alleged infringements.
5. Plaintiff's delay and inaction is inexcusable and prejudicial to Defendant and members of his household.

Wherefore, Defendant respectfully requests that the court enter judgment in favor of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM**

1. Plaintiff fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address Plaintiff asserts is related to Defendant.

2. Plaintiff therefore fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

3. Although Defendant's wife was identified as the subscriber to the IP address 71.193.37.58 on December 8, 2015, Plaintiff has not presented any evidence demonstrating that Defendant's wife was the subscriber to this IP address on any of the previous dates of alleged "hits," which Plaintiff alleges began in September of 2014. As Plaintiff stated in its Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain IP address logs for "weeks, months" or "very briefly before being purged" citing Jason Weinstein, Deputy Assistant Attorney General, Statement Before The Committee on Judiciary Subcommittee on Crime, January 25, 2011. (ECF Doc. 8-1, pg. 15). Plaintiff does not have any evidence to show that Defendant's wife was the accountholder for IP address 71.193.37.58 during the other alleged dates stated in Exhibit A.

Wherefore, Defendant respectfully requests that the Court strike Plaintiff's Second Amended Complaint, or in the alternative, enter judgment in favor of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**FAILURE TO MITIGATE DAMAGES**

1. Plaintiff's claims are barred by a failure to mitigate damages.
2. Plaintiff is aware that the defendants they pursue typically download multiple works.
3. However, Plaintiff chose not to stop the infringement when it began, but decided instead to wait until there were more alleged downloads.
4. Plaintiff alleges that downloads of its materials began on September 17, 2014. At that time, Plaintiff could have taken steps to prevent future downloads, including but not limited to sending a DMCA notice through Defendant's Internet Service Provider or more timely filing its lawsuit.
5. Instead, Plaintiff did nothing and instead allowed another twenty-one downloads over the course of fifteen months to occur.
6. As a result, Plaintiff has caused itself greater damage, through its inaction and inexcusable delay.

Wherefore, Defendant respectfully requests that the Court enter judgment in favor of Defendant and grant reasonable attorneys' fees and costs.

**FIFTH AFFIRMATIVE DEFENSE**

**DAMAGES SOUGHT BY PLAINTIFF VIOLATE DUE PROCESS**

1. The damages sought in this action are grossly excessive and disproportionate to any actual damages claimed by plaintiff. The claim for imposition of such

damages violates the Due Process Clause of the U.S. Constitution, as interpreted in *BMW v. Gore*, 517 U.S. 559 (1996).

Wherefore, Defendant respectfully requests that the Court enter judgment in favor of Defendant and grant reasonable attorneys' fees and costs.

Dated: November 14, 2016

By: /s/ Thomas A. Pedreira

Thomas A. Pedreira (No. 106169)
Attorney for Defendant
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
email: tom@lpjustus.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
Ph. 206-687-7805
Attorney for Defendant John Doe subscriber assigned IP address 71.193.37.58

| | |
|---|---|
| **MALIBU MEDIA, LLC,** *Plaintiff,* | Case No. 2:16-cv-330-JAM-KJN |
| vs. | **CERTIFICATION OF SERVICE** |
| **VICTOR HERSHBERGER** *Defendant.* | |

1. I, Thomas A. Pedreira, counsel for defendant John Doe subscriber assigned IP address 71.193.37.58, hereby certify that on November 14, 2016, I electronically filed this Defendant's Answer to the Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Brenna Erlbaum, Esq.
PILLAR LAW GROUP, APLC
150 S. Rodeo Drive, Suite 260
Beverly Hills, CA 90212
Tel: 310-999-0000
Fax: 888-667-5482

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Thomas A. Pedreira

Dated: November 14, 2016

Thomas A. Pedreira (No. 106169)
Lybeck Pedreira & Justus PLLC
7900 SE 28th St., Suite 500
Mercer Island, WA 98040
email: tom@lpjustus.com